# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 8, 2008

Charles R. Fulbruge III
Clerk

No. 07-30074
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JERRY JEROME GRAY,

Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:05-CR-132-ALL

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jerry Jerome Gray pleaded guilty, pursuant to a written plea agreement, to possession of a firearm as a convicted felon. Gray's presentence report (PSR) recommended a guidelines range of 51 to 63 months of imprisonment, but the district court departed upward three levels and sentenced Gray to 87 months in prison, three years of supervised release, and a $100 special assessment. Gray now appeals his sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Gray argues that the district court violated FED. R. CRIM. P. 32(h) when it did not notify him of its intent to upwardly depart. Gray did not raise this issue in the district court, so our review is for plain error only. See United States v. Mejia-Huerta, 480 F.3d 713, 720 (5th Cir. 2007), petition for cert. filed (Apr. 18, 2007) (No. 06-1381). The potential for a departure based on Gray's under-represented criminal history was noticed in Gray's PSR, which is sufficient notice under Rule 32. Gray has not demonstrated plain error with respect to this issue.

Gray also argues for the first time on appeal that the district court failed to provide specific written reasons for the departure. The district court did provide a written Statement of Reasons. Gray has failed to demonstrate plain error with respect to this issue. See United States v. Gore, 298 F.3d 322, 324–25 (5th Cir. 2002).

Gray argues that his sentence is unreasonable because there was no reliable information, outside of that contained in the PSR, to justify the upward departure. Gray did not argue in the district court that there was no reliable information to justify the departure. Our review is therefore for plain error. United States v. Hernandez-Martinez, 485 F.3d 270, 272 n.1 (5th Cir.), cert. denied, 128 S. Ct. 325 (2007). Gray did not object to the PSR, did not present rebuttal evidence, and has not demonstrated that any information contained in his PSR is untrue. The district court was free to adopt the PSR in determining that Gray's criminal history warranted an upward departure. See United States v. Valdez, 453 F.3d 252, 262 (5th Cir. 2006). Gray has not demonstrated plain error with respect to this issue.

Gray also contends that the extent of the departure was unreasonable because it increased his sentence by as much as three years. Under U.S.S.G. § 4A1.3, an upward departure may be warranted "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the

2

likelihood that the defendant will commit other crimes." Thus, Gray's sentence is a "guideline sentence," and the extent of the departure is reviewed for abuse of discretion. See United States v. Smith, 440 F.3d 704, 707 (5th Cir. 2006). The extent of the departure, a 38 percent increase over Gray's maximum guideline sentence, was not an abuse of discretion. See United States v. Zuniga-Peralta, 442 F.3d 345, 346–48 (5th Cir.), cert. denied, 126 S. Ct. 2954 (2006); United States v. Simkanin, 420 F.3d 397, 403, 414–19 (5th Cir. 2005). The judgment of the district court is AFFIRMED.